REQUESTED BY: Tanya W. Wendel, Executive Director, Nebraska Commission for the Hearing Impaired
You have asked whether or not the Americans with Disabilities Act (ADA) 42 U.S.C. § 12101, et seq., requires that a physician provide an interpreter for a hearing-impaired patient, and what role the Commission for the Hearing Impaired should play when a dispute arises between a patient and a physician under the ADA. Your second question is addressed first.
The functions of the Commission are set forth in Neb. Rev. Stat. § 71-4728 (1990). The two functions stated in § 71-4728
that may apply in this situation are:
 (8) Appoint advisory or special committees when appropriate for in-depth investigations and study of particular problems and receive reports of findings and recommendations
 (11) Promote awareness and understanding of the rights of hearing-impaired persons. . . .
The Commission does not have the authority to resolve disputes between parties. While it could be argued that the Commission has the authority to appoint an advisory or special committee to investigate a particular problem and receive reports of findings and recommendations, the Commission has no authority to bind any private citizen to any recommendation or to enforce a recommendation. Although the Commission could make the public aware of what the ADA requires, it has no enforcement authority.
With respect to your first question, Title III of the ADA provides that private entities that are considered public accommodations for purposes of the ADA include professional offices of a health care provider if the operations of the office affect commerce. In order for a hearing-impaired patient to make a prima facie case of discrimination under Title III of the ADA the patient would need to prove:
1. that he or she has a disability;
 2. that the physician's office is a place of public accommodation; and
 3. that he or she was subjected to discrimination by being refused full and equal enjoyment of medical treatment because of a disability.
Mayberry v. Von Valtier, 843 F. Supp. 1160 (E.D. Mich. 1994).
The situation described in your letter involves a question of fact regarding whether a particular physician can communicate effectively with a certain hearing-impaired patient. There is also the issue under Title III of the ADA as to whether or not providing an interpreter would create an undue burden upon the physician. 42 U.S.C. § 12181 (9). The resolution of any such disputes between the parties is beyond the authority of the Commission.
Sincerely,
 DON STENBERG Attorney General
 Melanie J. Whittamore-Mantzios Assistant Attorney General
Approved By:
Don Stenberg 
Attorney General